UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON MILLER, | Case No. 2:19-cv-01407-JAD-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| JENNIFER NASH et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Jason Miller's Application to Proceed *In Forma Pauperis* (ECF No. 1), attached to which was a Civil Rights Complaint (ECF No. 1-1) against Jennifer Nash, identified as Associate Warden of the High Desert State Prison, Nevada Department of Prisons, *et al.*, filed on August 14, 2019.

I. **Application to Proceed** *In Forma Pauperis*

High Desert State Prison inmate Jason Miller filed an application to proceed *In Forma Pauperis* and a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against Jennifer Nash, and others not clearly identified, all employed by the Nevada Department of Prisons. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an incarcerated plaintiff seeking to proceed *in forma pauperis* must file an *in forma pauperis* application and simultaneously attach (1) an inmate account statement for the past six months, and (2) a properly executed financial certificate. "If the applicant has been at the institution for fewer than six months, the certificate must show the account's activity for this shortened period." LSR 1-2. Here, Plaintiff Jason Miller has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

II. **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted

1

or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff submits a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 alleging events that occurred in 2013, approximately six years before Plaintiff filed his Complaint. Thus, Plaintiff's Complaint is barred by the statute of limitations. Specifically, 42 U.S.C. § 1983 borrows the most analogous state statute of limitations applicable to the claim made. *Owen v. Okure*, 488 U.S. 235, 240 (1989); *Alameda Brooks, Inc. v. City of Los Angeles*, 631 F.3d, 1031, 1041 (9th Cir. 2011). Nevada's most analogous statute of limitations is found in NRS 11.190(4)(c) and (e), which applies a two year limitations period to personal injury. While the statute of limitations is tolled while a prisoner completes the mandatory exhaustion process applicable to his claim (*Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005)), Plaintiff fails to provide any information that would allow the Court to reasonably determine when he completed his administrative process and/or if any event

1 that might sufficiently state a facial violation of Section 1983 occurred within the two years prior to filing his complaint. The Court therefore will dismiss Plaintiff's Complaint without prejudice for the Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction, which means that Plaintiff must allege events that occurred within two years prior to the filing and which events constitute a violation of civil rights. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the facts underlying the claims made identifying Defendant's conduct that constitutes a violation of civil rights. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendant fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's Complaint (ECF No. 1-1).

1    IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order will result in a recommendation that this action be dismissed.

DATED THIS 19th day of August, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE